# EXHIBIT P

OWEN SWANSON, Plaintiff v. CHEM-NUCLEAR SYSTEMS, INC., Defendant

No. 5:96-CV-674-BO(3)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, WESTERN DIVISION

1997 U.S. Dist. LEXIS 16054

September 9, 1997, Decided
September 15, 1997, Filed

**DISPOSITION:** [*1] Defendant's motion for summary judgment granted and action DISMISSED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant employer brought a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, in an action brought by plaintiff employee alleging breach of employment contract, promissory estoppel, and violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.7.

**OVERVIEW:** The employee was an independent consultant for the employer when he was offered a position as a full-time, permanent employee until retirement with a salary, benefits, and regular work beyond each single project. No definite duration or specific terms of discharge were discussed and the employee did not sign an employment contract covering the terms of his employment. He underwent new employee training during which policies were discussed, including at will status. The project to which he was assigned encountered funding problems and he was laid off. He alleged breach of employment contract, promissory estoppel, and violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.7. The employer brought a motion for summary judgment. The court granted the motion and held that summary judgment was proper on the breach of contract claim because the employee failed to present evidence removing him from at-will status, proper on the detrimental reliance claim because North Carolina did not recognize the doctrine in a breach of employment contract action, and was proper under the Wage and Hour Act because the statute did not require payment of wages that were not due.

**OUTCOME:** The court granted the employer's motion for summary judgment.

**LexisNexis(TM) HEADNOTES - Core Concepts**

*Civil Procedure > Summary Judgment > Supporting Papers & Affidavits*

*Civil Procedure > Summary Judgment > Burdens of Production & Proof*

*Civil Procedure > Summary Judgment > Summary Judgment Standard*

[HN1]Summary judgment should be granted if the record, taken as a whole, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, Fed. R. Civ. P. 56(c). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. Once the movant satisfies that burden, however, the burden then shifts to the non movant to set forth specific facts showing a genuine triable issue, Fed. R. Civ. P 56(e). To create a genuine issue of material fact, the non movant must do more than present some evidence on a disputed issue. Unless there is sufficient evidence for a jury to return a verdict in the non movant's favor, there is no genuine issue for trial.

*Labor & Employment Law > Employment Relationships > At-Will Employment*

[HN2]North Carolina is an "employment-at-will" state. The general rule is that an employee without a definite term of employment is an employee at will and may be discharged without reason. An employee is presumed to be an "at-will" employee absent a showing to the contrary that an employment contract governing the duration and termination of employment exists or that one of the strictly-defined exceptions to the employee-at-will rule applies. The burden of establishing, first, that there was in fact a contract for employment, either oral or written, and second, that the contract contained specific provisions governing duration or termination of employment, rests entirely with the employee.

*Labor & Employment Law > Employment Relationships > At-Will Employment*

[HN3]The "additional consideration" exception to the at-will rule enables an employee to escape at-will status where he gives some special consideration in

addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence from one place to another in order to accept employment or assisting in breaking a strike. Operation of this specific and strictly-defined exception is confined to cases which clearly involve consideration above and beyond simply showing up for work each day or foregoing other employment opportunities that, in hindsight, may have been a better choice.

*Contracts Law > Consideration > Promissory Estoppel*

[HN4]The doctrine of promissory estoppel is an equitable doctrine wherein a party that has reasonably relied on the promise of another, and whose reliance was both foreseeable and detrimental, may enforce the promise in order to avoid injustice.

*Labor & Employment Law > Wage & Hour Laws*

[HN5]The North Carolina Wage and Hour Act provides that employees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday either through the regular pay channels or by mail if requested by the employee, N.C. Gen. Stat. § 95-25.7 (1996). "Wage" is defined in N.C. Gen. Stat. § 95-25.2(16) as compensation for labor or services rendered and includes other amounts promised when the employer has a policy or a practice of making such payments.

**COUNSEL:** For OWEN SWANSON, Plaintiff: Joyce L. Davis, Raleigh, NC.

For CHEM NUCLEAR SYSTEMS, INC., defendant: Sharon L. McConnell, Kilpatrick Stockton LLP, Raleigh, NC.

**JUDGES:** Terrence W. Boyle, United States District Judge.

**OPINIONBY:** Terrence W. Boyle

**OPINION:** ORDER

This case is before the Court on the Defendant's Motion for Summary Judgment pursuant to *Rule 56 of the Federal Rules of Civil Procedure*. Plaintiff brought this action alleging breach of employment contract, promissory estoppel and violation of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.7. For the reasons stated herein, Defendant's Motion is hereby GRANTED.

BACKGROUND

Prior to his employment, Plaintiff was an independent consultant for Defendant. As a consultant, Plaintiff was paid hourly, received no employment benefits from Defendant and could be terminated on 30 days' notice. In 1992, Defendant sought to eliminate the independent consultant position and hire a full-time employee to perform the same duties coupled with additional supervisory responsibilities. Plaintiff was offered this position as a full-time, permanent employee until retirement [*2] with a salary, various employment benefits, and regular work beyond each single project. However, no definite duration nor specific terms of discharge were discussed. At no time did Plaintiff ever formally sign an employment contract covering the terms of his employment. Plaintiff accepted the employment offer and commenced work for Defendant in November, 1992.

Plaintiff underwent orientation and new employee training during which time Defendant's policies were discussed. He also reviewed Defendant's Policy and Procedure Manual titled "Employment at Will" that reiterated Plaintiff's at-will status and explained the administrative requirements to be satisfied before any employee could alter this status.

Subsequently, the project to which Plaintiff had been assigned encountered funding problems. Plaintiff and four other employees on the project with Plaintiff were laid-off on March 5, 1996. The remaining employees on the project were laid-off in July, 1996. Thereafter, Plaintiff filed this action on July 3, 1996 alleging breach of employment contract, promissory estoppel, and violation of the North Carolina Wage and Hour Act.

DISCUSSION

**1. Summary Judgment Standard [*3]**

[HN1]Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. The movant bears the burden of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)*. Once the movant satisfies that burden, however, the burden then shifts to the non movant to set forth specific facts showing a genuine triable issue. *Fed.R.Civ.P 56(e)*. To create a genuine issue of material fact, the non movant must do more than present some evidence on a disputed issue. Unless there is sufficient evidence for a jury to return a verdict in the non movant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986)*.

## 2. Breach of Contract

[HN2]North Carolina is an "employment-at-will" state. The general rule is that "an employee without a definite term of employment is an employee at will and may be discharged without reason." [*4] *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445 (1989). An employee is presumed to be an "at-will" employee absent a showing to the contrary that an employment contract governing the duration and termination of employment exists or that one of the "strictly-defined exceptions" to the employee-at-will rule applies.

The burden of establishing, first, that there was in fact a contract for employment, either oral or written, and second, that the contract contained specific provisions governing duration or termination of employment, rests entirely with the employee. *Rosby v. The Gen. Baptist State Convention of North Carolina, Inc.*, 91 N.C. App. 77, 370 S.E.2d 605 (1988).

Plaintiff was never presented with nor did he ever formally sign an employment contract governing the terms of his employment. There was, however, an oral employment agreement under which Plaintiff was offered a salary in exchange for his services. Plaintiff was promised "permanent employment" and "employment until retirement." Nonetheless, a promise of "permanent employment" or "employment until retirement" is not sufficient to remove Plaintiff from at-will status. See *Still v. Lance*, 279 N.C. 254, 259, [*5] 182 S.E.2d 403, 406 (1971).

Nor does [HN3]the "additional consideration" exception to the at-will rule apply. This exception enables an employee to escape at-will status where he "gives some special consideration in addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence from one place to another in order to accept employment or assisting in breaking a strike . . . ." *McMurry v. Cochrane Furniture Co.*, 109 N.C. App. 52, 56, 425 S.E.2d 735, 737 (1993). Operation of this "specific and strictly-defined exception", *Id. at 54,* is confined to cases which clearly involve consideration above and beyond simply showing up for work each day or foregoing other employment opportunities that, in hindsight, may have been a better choice.

Plaintiff argues that he agreed to a significant reduction in pay and sacrificed valuable networking opportunities by accepting employment with Defendant. However, Plaintiff's sacrifices are simply part and parcel to accepting employment with a particular employer and as such, do not warrant application of this exception. See *Humphrey v. Hill*, 55 N.C. App. 359, 285 S.E.2d 293 (1982) [*6]

Because Plaintiff has failed to present evidence removing him from at-will employment status, summary judgment is proper on this claim.

## 3. Promissory Estoppel/Detrimental Reliance

[HN4]The doctrine of promissory estoppel is an equitable doctrine wherein a party that has reasonably relied on the promise of another, and whose reliance was both foreseeable and detrimental, may enforce the promise in order to avoid injustice. However, "even if all the elements for a promissory estoppel are present, the Plaintiff will lose unless a given jurisdiction accepts promissory estoppel as a substitute for consideration under the facts of a particular case." J. Calamari & J. Perillo, The Law of Contracts § 6-7 p.210 (2d ed. 1977).

North Carolina does not recognize the doctrine of promissory estoppel in actions for breach of an employment contract. *Home Electric Co. v. Hall & Underdown Heating & Air Cond. Co.*, 86 N.C. App. 540, 543, 358 S.E.2d 539, 541 (1987), aff'd, 322 N.C. 107, 366 S.E.2d 441 (1988); *Tatum v. Brown*, 29 N.C. App. 504, 505, 224 S.E.2d 698, 699 (1976). Therefore, Plaintiff's detrimental reliance claim is not actionable and summary judgment is proper on this [*7] claim.

## 4. North Carolina Wage and Hour Act

[HN5]The North Carolina Wage and Hour Act provides that "employees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday either through the regular pay channels or by mail if requested by the employee." N.C.G.S. § 95-25.7 (1996). Plaintiff admits receiving compensation for all work performed while with Defendant. However, Plaintiff seeks to recover the salary that he would have received if he had continued to work for Defendant until age 65, arguing that such compensation constitutes "amounts promised" under the Act's definition of "wage." Plaintiff's argument is without merit.

Section 95-25.7 requires an employer to pay a discharged employee "all wages **due**." Id. (emphasis added). "Wage" is defined in § 95-25.2(16) as "compensation for labor or services rendered . . . [and] includes . . . other amounts promised when the employer has a policy or a practice of making such payments." Id.

While the statutory language clearly requires that an employer pay a discharged employee for uncompensated services rendered prior to termination, it does not require payment [*8] of wages that are not due. Thus, a logical predicate of recovery under § 95-

25.7 is that the discharged employee must first have actually earned the wages before he/she is entitled to compensation for them. See *Hamilton v. Memorex Telex Corp., 118 N.C. App. 1, 454 S.E.2d 278 (1995)*.

Here, Plaintiff is not entitled to compensation for lost wages through age 65 because these wages have not been earned and thus are not "due." Nor is there any evidence that the Defendant has a "policy or practice" of paying discharged employees for services "not rendered." Thus, summary judgment is proper on this claim.

CONCLUSION

Having viewed the evidence in the light most favorable to the non-movant Plaintiff, there is no genuine issue as to any material fact indicating Defendant is not entitled to judgment as a matter of law on Plaintiff's breach of contract, promissory estoppel, and Wage and Hour Act claim. Accordingly, the Defendant's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED.

This 9TH day of September, 1997

Terrence W. Boyle

United States District Judge

**Judgment in a Civil Case**

**Decision by Court.** This action came to trial or hearing before the **[*9]** Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the Defendant's motion for summary judgment is granted and this actio is hereby DISMISSED.

September 15, 1997