# EXHIBIT E

# PLAINTIFF'S DEPOSITION EXHIBIT # 11

# CONFIDENTIALITY AGREEMENT

THIS AGREEMENT made and entered into this the 16th day of April 2001, by and between Avgol Ltd, and its affiliated companies (hereinafter collectively referred to as "Avgol") and Unifi Technical Fabrics, LLC, and its affiliated companies (hereinafter collectively referred to as "Unifi"), both being sometimes hereinafter collectively referred to as the "Parties" or individually referred to as "Party";

## WITNESSETH

WHEREAS, Avgol has expressed an interest in the possible acquisition of Unifi or its business or assets (hereinafter referred to as the "Acquisition"); and

WHEREAS, Unifi may be furnishing Avgol information relating to the Acquisition and Avgol agrees that the information given to it either directly or indirectly relating to the Acquisition shall be kept secret and strictly confidential ("Confidential Information"); and

WHEREAS, the purpose of this Agreement is to cover the information that Unifi has disclosed or will be disclosing to Avgol concerning the Acquisition.

NOW, THEREFORE, in consideration of mutual covenants and promises set forth herein, the Parties hereto agree as follows:

1.  The Parties agree that Confidential Information includes any information disclosed by Unifi to Avgol concerning the Acquisition or Unifi's business regardless of the manner of acquisition, whether through communications, visits, presentations, or the like, or any sensory perceptions, or whether such information has been given verbally or in writing, i.e. in the form of data, notes, drawings, documentation, software, reports or analyses, or in the form of objects such as samples or models.

2.  Avgol shall not divulge and shall use its best efforts to prevent the divulgence to third Parties of any such Confidential Information.

3.  Avgol agrees to disclose Confidential Information only to such of its employees, representatives, agents, advisors and lenders who are under obligations of secrecy and are directly involved in the discussions, negotiations or development of the Acquisition.

4.  Avgol shall not directly nor indirectly exploit on a commercial basis Confidential Information received from Unifi and shall make no use of such Confidential Information



EXHIBIT

P1. 11

Confidential

otherwise than relating to the discussions between the Parties relating to the Acquisition unless agreed to in writing by Unifi.

5.   Excluded from this Secrecy Agreement is Confidential Information which can be proved:

   a)   to have been part of the public domain at the time of disclosure to Avgol;

   b)   to have been known to Avgol at the time of disclosure by Unifi;

   c)   to have become part of the public domain after having been disclosed to Avgol and other than by default of Avgol or its employees; or

   d)   to have come to the knowledge of Avgol after disclosure by Unifi and to have been acquired by Avgol from sources entitled to disclose such Confidential Information or being under no obligation of secrecy to Unifi.

6.   Disclosures of details made under this Agreement shall not be deemed to be within the foregoing exceptions merely because such details are embraced by more general information in the public domain. In addition, any combination of features shall not be deemed to be within the foregoing exceptions merely because individual features are in the public domain but only if the combination itself and its working principle are in the public domain or in the prior possession of Avgol.

7.   Nothing in this document shall or may be construed as granting any rights express or implied to Confidential Information furnished by Unifi to Avgol. Avgol acknowledges and agrees that, although Unifi has and shall endeavor to provide to Avgol only such information (including Confidential Information) as it believes to be reliable, Unifi is not making any representation or warranty as the accuracy or completeness of such information it provides to Avgol and that Unifi shall not have any liability to Avgol resulting from Avgol's use of such information.

8.   The title of any Confidential Information media placed at the disposal of Avgol by Unifi, as well as any rights which may be based thereon, shall remain with Unifi. Copies may only be made if and in quantities which are absolutely necessary in each individual instance. Avgol shall be obliged to return or destroy any information media received or copies thereof, upon request by Unifi, and Avgol shall expressly confirm in writing that it has destroyed any information media received and all copies thereof.

9.   Nothing contained in this Agreement shall be construed as granting or conferring upon Avgol any license under patents or copyrights of Unifi and no such license or other rights

2

Confidential
UTE 000008

shall arise from this Agreement or from any acts, statements or dealings resulting from or relating to the execution of this Agreement or the performances of the obligations of the Parties hereunder.

10.   Avgol will not use the Confidential Information in any way detrimental to Unifi. Without Unifi's prior written consent, Avgol shall not for a period of two (2) years from the date of this Agreement initiate, encourage or solicit for employment, either directly or indirectly, any person who is employed by Unifi (or whose activities are dedicated exclusively to Unifi) or who in the in the evaluation period of a possible Acquisition becomes employed by Unifi.

11.   If Avgol or any of its employees or agents breach or threaten a breach of its obligations under the terms of this Agreement, Unifi shall have the right, in addition to such other remedies which may be available to it, to injunctive relief enjoining such acts or attempts, it being acknowledged that legal remedies are inadequate.

12.   Subject to the provisions of paragraph 5 above, it is specifically agreed by Avgol that any information (including Confidential Information) that it may receive from Unifi concerning Unifi's relationship with ReifenHauser GmbH & Co. [specifically including any of the terms and conditions of the Contract between Unifi, Inc. and ReifenHauser dated August 18, 1999 concerning SSMMS 4200 PP REICOFIL 3 MF Spunbonding line (the "ReifenHauser Contract")] is Confidential Information under the terms of this Agreement and Avgol shall make no disclosure or use of such Confidential Information otherwise than relating to the discussions between the Parties relating to the Acquisition. Avgol does hereby agree to hold Unifi harmless and indemnify Unifi for any and all claims, expenses, costs (including attorneys fees), obligations, and liabilities of any type, kind or nature to any one (including ReifenHauser) that Unifi may incur due to the breach by Avgol of Avgol's undertaking

Confidential

under this clause, provided Unifi informs Avgol of any such claims and demands and allows Avgol to defend against such claims or demands.

13.    This Agreement shall become effective as of the date hereof and shall terminate three (3) years after the date hereof, unless mutually otherwise agreed to by the parties.

14.    This Agreement shall be deemed to be made a contract under the laws of the State of North Carolina and for all purposes be interpreted and construed in its entirety in accordance with the laws of the State of North Carolina.

15.    This Agreement embodies the entire understanding and obligation of the Parties with respect to the subject matter hereof. No amendment or modification of the Agreement shall be valid or binding upon the Parties unless made in writing and signed on behalf of each of the Parties by their respective, duly authorized, officer.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized officers the date first written above.

AVGOL LTD                                    UNIFI TECHNICAL FABRICS, LLC

By: _____              By: _____
        Title                                        Title  VP & Sec

Confidential